IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-03040-01-CR-S-MDH |
| | ) | |
| JARED E. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant, by and through his undersigned counsel of record, and respectfully suggests the following in support of a variance downward from the advisory range under the U.S. Sentencing Guidelines in his above-referenced case:

**1. Procedural History.** Mr. Allen appears for sentencing having previously appeared before Your Honor on June 19, 2018 [Doc. 41], and entered a plea of guilty to Count 1 of the Indictment [Doc. 1] charging him with conspiracy to distribute five grams or more of methamphetamine (actual), in violation of Title 18, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B). A written Plea Agreement was executed by the parties and filed in his case [Doc. 42] and pursuant to the terms of his Plea Agreement, Mr. Allen reserved the right to ask the court for a sentence below the advisory range of punishment under the Guidelines [Doc. 42, Par's 6(a), 8, 10(a) and (g)]. The offense of conviction carries a mandatory minimum sentence of 5 years under the applicable statute [Doc. 41, Par. 5; Doc. 49, p. 24].

**2. PSR – Unresolved Issues.** At the conclusion of his change of plea colloquy, Your Honor ordered a Presentence Investigation by the United States Probation Office

and a written Report thereof (hereinafter, "PSR") was duly filed on October 5, 2018 [Doc. 49]. The final PSR determined the advisory range of punishment in this case at 130 to 162 months imprisonment [*Id.,* p. 24, p. 24, Par. 106]. The cover letter to the final PSR [Doc. 49-1] correctly indicated "there are unresolved issues" in this case as to matters material to application of the Guidelines, within the meaning of Local Rule 99.8E(1), which are as follows:

**A. Base Offense Level, Drug Quantity [Doc. 49, p. 7, Par. 18].** It is undisputed in this case that the co-defendant, Mr. DeWeese, possessed 33 grams of methamphetamine (actual) at the time of his arrest (corresponding to Count 3 of the Indictment); it is further undisputed that Mr. Allen was in possession of 8.5 grams of a mixture or substance containing a detectible amount of methamphetamine (as charged in Count 2 of the Indictment) and that the substances seized from Mr. Allen were not tested for purity so as to establish their characterization as "methamphetamine (actual)" for charging or sentencing purposes.

In the preliminary version of the PSR disseminated to the parties the Probation Office calculated the base offense level at 26, using a "Marihuana Equivalency" under Section 2D1.1(c)(7) because the drugs seized from Mr. DeWeese (33 grams of "actual") and Mr. Allen (8.5 grams of "mixture/substance") were of different varieties; in fact under the Drug Quantity Table at Section 2D1.1(c) there is a 100 to 1 ratio between methamphetamine (actual) and mixture/substance containing methamphetamine, presumably based upon the greater purity of the former. They are, for sentencing purposes, treated as different drugs even as "crack" and "powder" cocaine are so treated.

The Government objected to base offense level 26 and persuaded the Probation

Officer to raise the base offense level to 28 by supposing that the substances seized from Mr. Allen must also have been methamphetamine (actual) since they presumably came from the same source of supply as those seized from Mr. DeWeese. The threshold quantity for offense level 28 is "at least 35 grams of methamphetamine (actual)".

Obviously, the Government bears the burden of proof, by a preponderance of the evidence, as to this issue for sentencing. Significantly, the Government *did not charge* Mr. Allen with possession of methamphetamine (actual) with intent to distribute under Count 2 of the Indictment; it did so charge Mr. DeWeese under Count 3. The Grand Jury operates under a lower evidentiary burden of probable cause. Neither did the Government ever have the substances seized from Mr. Allen re-tested for purity.

Defendant respectfully directs the Court's attention to the case of *United States v. Fairchild,* 189 F.3d 769 (8th Cir. 1999), decided under a previous edition of the Guidelines which used different terminology but did assign greater ratios for methamphetamine of greater purity. The Eighth Circuit affirmed the court's application of the greater drug quantity but only because the case was *tried to a jury* and there had been specific testimony from which the court could infer that the drugs in question were of the greater purity. *Id.,* at 778. There is no such evidence in this case.

**B. Enhancement for "Credible Threat" [Doc. 49, p. 7, Par. 19]**. Defendant timely objected to assessment of a two-level increase under Section 2D1.1(b)(2), based upon information contained in Paragraphs 7 and 9 of the PSR, which recount the contents of recorded telephone conversations in which Mr. Allen talked, prospectively and hypothetically, with an incarcerated co-conspirator about assaulting other persons, none of whom was or is identified (in the recordings or subsequent investigative

material).

Defendant contends that the above-summarized facts are insufficient to establish, by a preponderance of the evidence, the use of violence, credible threat(s) of violence, or directing the use of violence, within the meaning of 2D1.1(b)(2), in that there is no evidence that Mr. Allen acted upon any of the matters discussed on tape, as described above and in Paragraphs 7 and 9, nor that any threat of violence was ever communicated by him or anyone else to any person. *Compare*: *United States v. Sykes*, 854 F.3d 457 (8th Cir. 2017) in which the court affirmed assessment of the enhancement because the Government adduced at sentencing reliable statements from the person whom the defendant had in fact threatened.

It should be noted that, if base offense level 26 were applied and the two-level enhancement were not applied, the calculation of the Total Offense Level would be changed as follows: **Adjusted Offense Level (Subtotal)** [Doc. 49, p. 7, Par. 23], 26; **Total Offense Level** [*Id.,* Par. 26], 23; and the resulting advisory range of punishment **Guideline Provisions** [PSR, p. 24, Par. 106) would be **92-115** months.

**3. PSR – Credit for "Time Served".** In addition to the foregoing unresolved Guideline issues which the Court must rule in affixing the advisory range of punishment applicable to Mr. Allen, counsel also preserved for argument at sentencing a separate issue which was partially resolved through the Addendum to the Final PSR [Doc. 49, pp. 29-31] but as to which counsel wishes to make a thorough record at sentencing for reasons discussed more fully below.

In the instant case. Mr. Allen was arrested by the Springfield Police Department on or about April 14, 2017, and incarcerated thereafter at the Greene County Jail for the

offense conduct eventually comprising Count 2 of the Indictment in the instant case [Doc. 1], filed on March 23, 2018.  At the time of the April 14, 2017, arrest he was on probation, concurrently, for the four Greene County felony cases reported at Paragraphs 46, 47, 48 and 52 of the PSR [Doc. 49, pp. 13-15].  Significantly, however, no motion to revoke his probation was ever filed in any of those cases, bond was never set, and he was never charged in state court for that offense; as reflected in the PSR, the Greene County Circuit Court simply "discharged" all four sentences as of April 4, 2018, after Mr. Allen's appearance in the instant case was obtained by Writ of Habeas Corpus *ad prosequendum* [Doc. 7].  That writ was never served [Doc. 49, p. 30].

Counsel had been of the opinion that, under the above-described circumstances. the Bureau of Prisons will not credit to the sentence imposed in the instant case the nearly twelve (12) months time served resulting from the April 14, 2017, arrest prior to indictment and so argued that a downward departure or adjustment to his sentence would be appropriate under Section 5G1.3(b) and 5K2.23.  In the Addendum to the final PSR, the Probation Officer concluded that BOP will credit Mr. Allen this time under Title 18, United States Code, Section 3585(b) if it is satisfied it is "time he has served to which he is entitled" [Doc. 49, pp. 30-31].

Out of an abundance of caution, counsel respectfully prays the Court to make a record of this particular matter at sentencing for guidance of BOP officials and/or to assist Mr. Allen in any such administrative procedures as may be necessary hereafter to calculate his time served and presumed discharge date.

**4. Section 3553(a) Factors – subsections (a)(1) and (2)(D).**  In considering "the history and characteristics of the defendant" and "to provide the defendant with needed

. . . medical care, or other correctional treatment," Mr. Allen wishes to elaborate on his substance abuse and mental health histories, discussed at length in the PSR [Doc. 49, pp. 21-22]: these constitute "co-morbid" or "dual diagnosis"-type conditions which inter-relate and, upon information and belief, are at the root of or at least have contributed significantly to his admittedly-extensive criminal history and legal troubles.

The PSR correctly notes that Mr. Allen has suffered from documented emotional and mental problems dating back to adolescence [*Id.,* p. 22] and use and abuse of various substances from about the same time [*Id.*]. The interaction of these under-treated problems has contributed to cause him difficulty in adjusting to a law-abiding lifestyle, most acutely in the past several years [*Id.,* pp. 22-23]; this also in part explains – while not excusing – his negative associations and criminal activities in the instant case. Mr. Allen is clearly in need of both substance abuse counseling and treatment *and* mental health counseling and treatment in the BOP, and eventually while serving a term of supervised release.

**5. Section 3553(a) Factors – subsection (6).** Mr. Allen wishes to remind the Court of Title 18, United States Code, Section 3553(a)(6), which provides among the sentencing factors to be considered in his case, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Stated differently, under both the statute and Guidelines, an important part of the federal sentencing regime is to avoid the imposition of disparate sentences in the cases of similarly-situated defendants.

For reasons upon which counsel will elaborate further at the time of the sentencing hearing, Mr. Allen is both quantitatively and qualitatively *less culpable* than

the other named participants in the offense of conviction and related cases [Doc. 49, pp. 2-3] and counsel believes the Government's charging decision reflects this: rather than including Mr. Allen in a much broader conspiracy indictment with a higher statutory mandatory minimum, the Government carved out Mr. Allen and his co-defendant in a lesser-included offense with only a five-year mandatory minimum in part to account for the relatively lower-level nature of their conspiratorial activities. The Court should consider this in the context of the "sufficient but not greater than" language in the mission of federal sentencing.

WHEREFORE, in consideration of all the foregoing, Defendant respectfully prays the court to depart or vary downward and impose sentence in this matter as follows: imprisonment for a term not more than 92 months, with credit for all time served to which he is entitled.

/s/ *John F. Appelquist*
John F. Appelquist
Missouri Bar No. 38621
313 South Glenstone
Springfield, MO 65802
(417) 869-6001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was duly filed this 12th day of December, 2018, using the CM/ECF electronic filing system and a copy thereby transmitted, via electronic mail, by the Clerk of the United States District Court to all interested counsel of record.

/s/ *John F. Appelquist*
John F. Appelquist
Counsel for Defendant